ADAM WANG (SBN 201233)
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 613
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248

Attorney for Plaintiffs
ALVARO OSORIO, JESUSITA ZARATE CARRENO

E-filing

FILED
AUG 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALVARO OSORIO and JESUSITA ZARATE CARRENO, individually and on behalf of others similarly situated,

    Plaintiffs,

vs.

DIVAD TRAN dba COM TAM DAT THAN RESTAURANT, and DOES 1-10

    Defendants

Case No. C08 04007 HRL

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Business and Professions Code Section 17200;
4) Violation of California Labor Code Section 226.7;
5) Violation of California Labor Code Section 201; and
6) Violation of California Labor Code Section 226.

Plaintiffs, ALVARO OSORIO and JESUSITA ZARATE CARRENO, on their own behalf and on behalf of others similarly situated, allege as follows:

**NATURE OF CLAIM**

1. 1.  This is a class action on behalf of ALVARO OSORIO ("A. OSORIO") and JESUSITA ZARATE CARRENO ("CARRENO") and other similarly situated who had been employed on an hourly basis by Defendants, DIVAD TRAN dba COM TAM DAT THAN RESTAURANT, and DOES 1-10 for some time during the last four years prior to

COMPLAINT - 1

the filing of this Complaint, seeking damages arising from their employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages for missed meal/rest period premiums, waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2. Plaintiffs bring this collective action on behalf of themselves and other hourly paid employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. §201, et. seq.

**PARTIES**

3. At all times relevant herein, Plaintiff A. OSORIO is an individual resident of San Jose, California.

4. At all times relevant herein, Plaintiff CARRENO is an individual resident of San Jose, California

5. At all times relevant herein, Defendant COM TAM DAT THAN RESTAURANT, is a corporation registered in the state of California with its primary place of business in San Jose, California.

6. Individual Defendants DIVAD TRAN, and DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of COM TAM DAT THAN RESTAURANT having control over the Plaintiffs' work conditions and work situations.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action on behalf of all those who had been employed on hourly rate basis by defendants with respect to the claims alleged herein pursuant to 29 U.S.C. 216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. 201, et seq.

## GENERAL ALLEGATIONS

8. At all times relevant herein, Plaintiffs were employees of Defendants, a restaurant doing business in San Jose, California.

9. Plaintiffs were, according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

10. During the course of Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

11. Plaintiffs were paid on an hourly basis.

12. Plaintiffs did not perform "exempt" duties in their positions with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

13. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Defendants where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly

supervise any employees nor did they participate in the development of general administrative policies of Defendants.

## COUNT ONE

## VIOLATION OF CA LABOR CODE SECTION §510

## FAILURE TO PROPERLY PAY OVERTIME WAGES

14. Plaintiffs re-allege and incorporate paragraphs 1-13 as if fully stated herein.

15. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

16. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

17. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

18. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

19. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

20. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

21. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

## COUNT TWO

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PROPERLY PAY OVERTIME WAGES

22. Plaintiffs re-allege and incorporate paragraphs 1-21 as if fully stated herein.

23. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered under FLSA.

24. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

25. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

26. By not paying overtime wages in compliance with the FLSA, Defendants violated Plaintiffs' rights under the FLSA.

27. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

28. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

29. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

30. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE
## VIOLATION OF CA LABOR CODE § 226.7
## FAILURE TO PROVIDE REST/MEAL PERIODS

31. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-30 as if fully restated hereinafter.

32. At all relevant times herein, Plaintiffs' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, and a fifteen-minute rest period for every four hours worked, unless expressly exempted.

33. During Plaintiffs' employment with Defendants, Plaintiffs worked at least 5 hours a day, and were not provided a meal/rest period as required by law.

34. For each time that the Plaintiffs were not provided the required meal/rest period, the Plaintiffs are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

35. Plaintiffs are therefore entitled to payment, in an amount to be proven at trial for additional pay for each meal/rest period that Defendants failed to provide.

## COUNT FOUR
## VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

36. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-35 as if fully stated herein.

37. At the time Plaintiffs' employment with Defendants was terminated, Defendants owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

38. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

39. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

40. Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable

## COUNT FIVE
## UNFAIR BUSINESS PRACTICES
## BUSINESS AND PROFESSIONS CODE SECTION 17200

41. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-40 as if fully stated herein.

42. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

43. At all times relevant herein, as the employer of Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

44. During the period Plaintiffs were employed with Defendants, Defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

45. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

46. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

47. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

48. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT SIX

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

## INADEQUATE PAY STATEMENTS

49. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as if fully stated herein.

50. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

51. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

52. During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

53. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

54. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

55. Plaintiffs are therefore legally entitled to recover actual damages caused by Defendants' failure to provide proper records, in an amount to be determined at trial.

56. Plaintiffs have incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 1197 FAILURE TO PAY MINIMUM WAGE**

57. Plaintiffs re-allege and incorporate paragraphs 1-56 as if fully stated herein.

58. Labor Code Section 1197 provides that it is unlawful pay less than the minimum wage established by law.

59. At certain times relevant herein, the applicable Industrial Welfare Commission Wage Order, provided for payment of a minimum wage of $7.50 per hour.

60. Under the provisions of the Wage Order referred to above, plaintiffs should have received $7.50 for hours worked during the period employed with defendant, but were paid only $6.25 per hour.

61. Defendant therefore owes to plaintiffs the difference between the amount of wages earned pursuant to the Wage Order and the amount actually paid to plaintiffs, in an amount to be determined at trial.

62. Defendant has failed and refused and continues to fail and refuse to pay Plaintiffs the amount owed.

63. Defendant's failure to pay plaintiffs the sums required by the applicable Wage Order violates the provision of Labor Code Section 1197 and is therefore unlawful.

64. Pursuant to Labor Code Section 1194(a), plaintiff requests that the court award plaintiffs reasonable attorney's fees and costs incurred in this action.

**COUNT SIX: VIOLATION OF CALIFORNIA LABOR CODE SECTION 1194(a)(2) LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGE**

65. Plaintiffs re-allege and incorporate paragraphs 1-64 as if fully stated herein.

66. Labor Code Section 1197 provides that it is unlawful pay less than the minimum wage established by law.

67. At certain times relevant herein, the applicable Industrial Welfare Commission Wage Order, provided for payment of a minimum wage of $7.50 per hour.

68. Under the provisions of the Wage Order referred to above, plaintiffs should have received $7.50 for hours worked during a portion of the period employed with defendant, but were paid only $6.75 per hour.

69. Pursuant to California Labor Code Section 1194(a)(2) Defendant therefore owes plaintiff liquidated damages equal to the difference between the amount of wages owed pursuant to the Wage Order and the amount actually paid to plaintiff, in an amount to be determined at trial.

70. Defendant has failed and refused and continues to fail and refuse to pay Plaintiffs the amount owed.

71. Defendant's failure to pay plaintiffs the sums required by the applicable Wage Order violates the provision of Labor Code Section 1197 and is therefore unlawful.

72. Pursuant to Labor Code Section 1194(a), plaintiffs request that the court award plaintiffs reasonable attorney's fees and costs incurred in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

73. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

74. For liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;

75. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

76. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

77. Damages for missed meal times in violation of California Labor Code §226.7 in an amount to be determined at trial;

78. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

79. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

80. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

81. For costs of suit herein; and

82. For such other and further relief as the Court may deem appropriate.

Dated: 2008                    By: /s/ Adam Wang
                                   Adam Wang
                                   Attorney for Plaintiffs

JS 44 - No. CALIF .(Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS
ALVARO OSORIO and JESUSITA ZARATE CARRENO, ET. AL.

## DEFENDANTS
DIVAD TRAN dba COM TAM DAT THAN RESTAURANT, and DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Santa Clara

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. Santa Clara

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Adam Wang
12 South First Street, Suite 613
San Jose, CA 95113

ATTORNEYS (IF KNOWN)

C08 04007 HRL E-filing ADR

## II. BASIS OF JURISDICTION (PLACE AN "✔" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✔" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "✔" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✔" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane / ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability / ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander / ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine / **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability / ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle / ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability / ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury / ☐385 Property Damage Product Liability | ☑710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| | | ☐791 Empl.Ret. Inc. Security Act | | |
| ☐210 Land Condemnation | ☐441 Voting / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment / ☐510 Motion to Vacate Sentence Habeas Corpus: | | ☐870 Taxes (US Plaintiff or Defendant) | |
| ☐230 Rent Lease & Ejectment | ☐443 Housing / ☐530 General | | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare / ☐535 Death Penalty | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights / ☐540 Mandamus & Other | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | / ☐550 Civil Rights | | | |
| | / ☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✔" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☑ SAN JOSE

DATE 8/21/08   SIGNATURE OF ATTORNEY OF RECORD

PDF processed with CutePDF evaluation edition www.CutePDF.com