1

2                                                                    * E-filed 11/19/08*

3

4

5

6                              NOT FOR CITATION

7                       UNITED STATES DISTRICT COURT

8               FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                             SAN JOSE DIVISION

10

11   ALVARO OSORIO and JESUSITA ZARATE              Case No. CV 08-4007 HRL
     CARRENO, individually and on behalf of others
12   similarly situated,
                                                    **ORDER (1) GRANTING DEFENDANT**
13              Plaintiffs,                          **TRAN'S MOTION TO DISMISS and (2)**
                                                    **GRANTING IN PART DEFENDANTS'**
14      v.                                          **MOTION FOR A MORE DEFINITE**
                                                    **STATEMENT**
15   DIVAD TRAN dba COM TAM DAT THANH
     RESTAURANT, and DOES 1-10,
16
                Defendants.                         Re: Docket No. 5
17   _____/

18           Plaintiffs Alvaro Osorio and Jesusita Zarate Carreno brought suit against defendants

19   Com Tam Dat Thanh restaurant ("CTDT"), Divad Tran, and a number of "Doe" defendants, for

20   allegedly unpaid wages and other sums under the California Labor Code, California Business

21   and Professions Code, and the federal Fair Labor Standards Act ("FLSA"). Defendant Tran now

22   moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the state law counts

23   against him. Defendants Tran and CTDT also move for a more definite statement under Federal

24   Rule of Civil Procedure 12(e).[1] The court held a hearing on November 18, 2008. Based on the

25   arguments presented by the parties, both in their papers and at the hearing, the court now

26   GRANTS defendant Tran's motion to dismiss all but count two of the complaint against him,

27   and GRANTS IN PART defendants' motion for a more definite statement.

28

     _____

     [1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared
     in this action have expressly consented that all proceedings may be heard and finally
     adjudicated by the undersigned.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

### Defendant Tran's Motion to Dismiss

2   A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the

3 claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484

4 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable

5 legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory."

6 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  The issue here is not

7 whether the claimant will ultimately prevail, but whether the claimant is entitled to offer

8 evidence to support the claims asserted.  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246,

9 249 (9th Cir. 1997).  In considering such a motion, all material factual allegations should be

10 accepted as true and construed "in the light most favorable to the nonmoving party."  *Cahill v.*

11 *Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

12   Plaintiffs allege that defendant Tran and the Doe defendants are "owners, managers,

13 directors, associates, related to, or employees of" defendant CTDT. Complaint ¶6. Plaintiffs

14 further allege that CTDT is "a corporation registered in the state of California, with its primary

15 place of business in San Jose." Complaint ¶5. Defendant Tran argues that all of the state law

16 claims against him in the complaint (counts one, three, four, five, six, and the last two counts[2])

17 should be dismissed because individual managers or corporate officers are not "employers"

18 within the meaning of the statutes at issue. Plaintiffs do not even address this argument in their

19 papers, and did not oppose it at the hearing. Plaintiffs only point out that defendant Tran may be

20 properly sued under FLSA.

21   According to the California Supreme court, individual managers and officers of

22 corporate employers are not proper defendants in actions under the California Labor laws

23 because they do not fall within the common law definition of "employer." *See Reynold v.*

24 *Bemet*, 36 Cal.4th 1075, 1085-1088 (2005); *Jones v. Gregory* 137 Cal.App.4th 798, 803-804

25 (2006).  Counts one, three, four, six, and the last two counts all allege violations of California's

26 labor laws. Count five alleges a violation of California's Unfair Business Practices act, but this

27

28    [2] These last two counts were, it appears, mislabeled as counts five and six when they
ought to have been labeled counts seven and eight.

**United States District Court**
For the Northern District of California

1  statute relies on the same definition of "employer" as the labor laws. Therefore, defendant Tran

2  cannot be sued under California law as a corporate "owner" or "manager." Count two alleges a

3  violation of FLSA, a claim for which Tran the individual may properly be named. Thus,

4  because the complaint lacks a cognizable legal theory under California law against Tran, his

5  motion to dismiss the complaint is GRANTED as to counts one, three, four, five, six, and the

6  last two counts.

7                     **Defendants' Motion for a More Definite Statement**

8          Federal Rule of Civil Procedure 12(e) permits defendants to move for a more definite

9  statement  when faced with a complaint "which is so vague or ambiguous that the party cannot

10 reasonably prepare a response." Such motions are viewed with disfavor, and are rarely granted

11 because of the lenient pleading standard of Rule 8(a), which requires only "a short and plain

12 statement of the claim." Moreover, if the detail sought by a motion for more definite statement

13 is obtainable through the discovery process, the motion should be denied. *See Harvey v. City of*

14 *Oakland*, 2007 WL 3035529, at \*2 (N.D. Cal. 2007) (citing *Beery v. Hitachi Home Electronics,*

15 *Inc.*, 157 F.R.D. 477, 480 (C.D.Cal.1993)).

16         Defendants argue that their motion should be granted because the complaint fails to (1)

17 specify the dates of plaintiffs' employment, (2) allege facts supporting the class action

18 allegations, (3) allege jurisdiction and venue, and (4) clearly identify which defendant(s) are

19 alleged to have violated which count. Plaintiffs reply that their complaint adequately alleges all

20 facts necessary to give defendants "fair notice of what the claim is and the grounds upon which

21 it rests."

22         A. Specific Dates of Employment

23         Defendants complain that the complaint does not allege the specific dates of plaintiffs'

24 employment. Plaintiffs respond that it is "unfair" to require them to state the exact dates of their

25 employment without the benefits of discovery. At the hearing, defendants insisted that they do

26 not know who the plaintiffs are, or when they worked for them. Because the specific dates of

27 plaintiffs' employment are "obtainable through the discovery process," and because defendant

28 CTDT ought to have that information in its employee records, the plaintiffs need not, at this

1  point, specify the dates of employment. Although defendants claim they must know the dates to

2  determine whether they can plead a statute of limitations defense, defendants cite non-binding

3  district court opinions from other circuits. The only case defendants cite from the Northern

4  District of California (*Gorman v. Wolpoff & Abramson, LLP,* 370 F.Supp.2d 1005, 1013 (N.D.

5  Cal. 2005)) is inapposite, as it concerned a motion under Rule 12(b)(6), not 12(e). Contrary to

6  defendants' assertions, in this circuit and district, defendants cannot use Rule 12(e) motions to

7  force plaintiffs to allege specific dates, even to determine the applicability of a possible statute

8  of limitations defense. *See Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949

9  (E.D. Cal. 1981); *Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104, 1114

10  (N.D.Cal.1979); SCHWARZER, TASHIMA AND WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE

11  TRIAL, [9:538] (2008). Therefore, defendants' motion for a more definite statement of dates

12  must be DENIED.

13         B.  Class Action Allegations

14         Defendants complain that the plaintiffs have not alleged facts to support their class

15  action allegation. Plaintiffs respond that they are not alleging a class action under Federal Rule

16  of Civil Procedure 23, but rather a "collective action," as authorized under FLSA. These

17  collective actions do not have the same requirements in pleading as a Rule 23 class action.

18  However, the first sentence of the complaint, and the caption titled "class action allegations"

19  create ambiguity. Complaint ¶1, ¶7 And, as defendants pointed out at the hearing, the complaint

20  is inconsistent in defining what people make up the collective action group. Plaintiffs should

21  amend the complaint to unambiguously plead the type of action they intend to bring, and to

22  consistently explain who makes up the group. Defendants' motion for a more definite statement

23  of the class action allegations is GRANTED IN PART.

24         C. Jurisdiction and Venue

25         Defendants argue that the plaintiffs have not included separate paragraphs entitled

26  "Jurisdiction" and "Venue," as required by Civil L.R. 3-5, and that the complaint must be

27  amended to provide them. Plaintiffs did not respond to this argument in their opposition brief.

28  Although the court can infer that it has subject matter jurisdiction because of the FLSA claim,

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    and that venue is proper because CTDT is a San Jose corporation, plaintiffs ought to amend

2    their complaint to comply with the Local Rules. Defendants' motion for a more definite

3    statements of jurisdiction and venue is GRANTED.

4              D. Differentiation Between Defendants

5              Finally, defendants point out that the complaint does not differentiate between the

6    individual and corporate defendants, which creates vagueness in the allegations. Again,

7    plaintiffs did not respond in their opposition brief. Presumably, the Amended Complaint will

8    make it clear that the only count involving multiple defendants is count two, the FLSA claim.

9    Defendants' motion for a more definite statement of differentiation between defendants is

10   DENIED.

11

12   **IT IS SO ORDERED.**

13   Dated: 11/18/08



14                                                   HOWARD R. LLOYD
                                                     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

waqw@sbcglobal.net

cjung@nassiri-jung.com

knassiri@nassiri-jung.com


* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 11/18/08

                                    /s/ mpk
                        Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California

6