**\*\* E-filed August 12, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALVARO OSORIO and JESUSITA ZARATE CARRENO, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>DIVAD TRAN dba COM TAM DAT THANH RESTAURANT, and DOES 1–10,<br><br>        Defendants.<br>_____/ | No. C08-04007 HRL<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF, (2) GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE, (3) DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND (4) DENYING DEFENDANTS' REQUEST FOR SANCTIONS**<br><br>[Re: Docket Nos. 37, 40, and 45] |

Plaintiffs Alvaro Osorio and Jesusita Zarate Carreno sued defendants Com Tam Dat Thanh Restaurant and its owner, Divad Tran, on behalf of themselves and a presumptive class of defendants' employees for violations of California and federal labor laws. Both sides now present competing motions. Defendants move for summary judgment and sanctions against plaintiffs' attorney, Adam Wang, on grounds that they were erroneously sued. Plaintiffs move for voluntary dismissal with prejudice. In addition, defendants move for administrative relief concerning plaintiffs' opposition to their motion for summary judgment and sanctions. Each side opposes the

///

///

others' motions. Upon consideration of the motion papers and the arguments of counsel at the motion hearing, the court grants plaintiffs' motion and denies defendants' motions.[1]

## PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint in August 2008. In October 2008, defendant Tran filed a Rule 12(b)(6) motion to dismiss the state claims against him because as an individual owner, he was not an "employer" as defined by statute. At the same time, both defendants filed a Rule 12(e) motion for a more definite statement that included a request that the plaintiffs specify their dates of employment for statutes of limitation purposes. (Docket No. 5.) During the motion hearing, defendants insisted that they did not know who the plaintiffs were or when they worked at the restaurant. This court granted Tran's motion to dismiss as to the state law claims, but found that defendants could not use a Rule 12(e) motion to force plaintiffs to provide specific dates of employment at that time, even to support a statute of limitation defense. (Docket No. 15.)

Plaintiffs filed their first amended complaint in January 2009. (Docket No. 19.) The parties attended a case management conference later that month and agreed to court-sponsored mediation. (Docket No. 25.) During the conference, defendants said that they had no knowledge of the plaintiffs, so this court ordered plaintiffs to provide defendants with a photograph of them. (Jung Decl. ¶ 3.) Plaintiffs' counsel provided a photo via e-mail on March 2, 2009. (Wang Decl. ¶ 19.)

Shortly after the case management conference, defendants filed another Rule 12(b)(6) motion to dismiss plaintiffs' first amended complaint, this time because plaintiffs failed to allege that the defendants had gross revenue of at least $500,000 as required for suit under federal labor laws. (Docket No. 27.) Plaintiffs did not oppose the motion and this court granted it in February 2009. (Docket No. 31.) Plaintiffs filed a second amended complaint and defendants answered in late March 2009. (Docket Nos. 32, 33.) Defendants' answer included that defendants were "without sufficient information or knowledge of the allegations . . . and, therefore, must deny the same." (Docket No. 33.) However, they did not specifically deny that plaintiffs worked for them.

///

///

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

Plaintiff Osorio and defendant Tran then attended a mediation session on April 30, 2009.[2] (Docket No. 36.) During this session, it became apparent that Osorio did not know Tran and Tran said that he never employed Osorio. (Wang Decl. ¶¶ 10, 20.) Plaintiffs' counsel told defendants that he would file a dismissal, but defendants would not agree because they were holding out for sanctions. (Wang Decl. ¶ 10.) On May 19, 2009, defendants filed the instant motion for summary judgment and request for sanctions. (Docket No. 37.) Plaintiffs filed their motion for voluntary dismissal with prejudice on July 2, 2009. (Docket No. 40.)

## DISCUSSION

### A.  Defendants' Administrative Motion

As a preliminary matter, the court will first address defendants' motion for administrative relief. (Docket No. 45.) Defendants ask this court to reject as untimely plaintiffs' opposition to their motion for summary judgment and request for sanctions. Defendants also ask that this court sanction attorney Wang for failure to comply with the court's local rules.[3] *See* N.D. Cal. Civ. R. 1-4 (allowing a court to grant sanctions if counsel does not comply with local rules). Plaintiffs did not respond to the administrative motion.

Under this court's local rules, a party must file its opposition, or any statement of non-opposition, no less than twenty-one days before the hearing. N.D. Cal. Civ. R. 7-3. Documents filed before midnight in electronically filed cases are considered timely. N.D. Cal. General Order 45 at 5. Plaintiffs' opposition was therefore due by midnight on July 21, 2009. However, plaintiffs filed their opposition at 8:46 a.m. on July 22, 2009. Defendants do not claim they suffered any prejudice from this delay. Instead, they simply argue that because the pleading was not in precise accord with the local rules, this court must reject it and should also sanction plaintiffs' counsel. Although the court does not condone violations of its local rules and finds Wang's failures to comply rather wearisome, it does not find that the overnight delay or other technical failures prejudiced either defendants or the court. Defendants' motion for administrative relief is DENIED.

///

---

[2] Plaintiff Zarate did not attend the session as she had returned to Mexico due to her daughter's illness. (Wang Decl. ¶ 10 n.1.)

[3] In addition to filing the opposition late, defendants object that the twelve-page opposition failed to address the summary judgment issue and did not include a table of contents or table of authorities.

3

### B. Plaintiffs' and Defendants' Competing Motions

Plaintiffs filed their motion for voluntary dismissal with prejudice after defendants filed their motion for summary judgment. These motions compete with one another, as the granting of one necessarily moots the other. As plaintiffs' motion is one for dismissal *with* prejudice, both motions would constitute adjudications on the merits (as defendants' counsel recognized during the hearing) and have the same end result. Therefore, the court will first review plaintiffs' motion because a court should grant a request to voluntarily dismiss a complaint "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also* Fed. R. Civ. P. 41(a)(2). Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 96 (9th Cir. 1996).

Plaintiffs argue that because they are moving for dismissal *with* prejudice, defendants will not be prejudiced by the dismissal. (Mot. 1–2.) Defendants counter that they will be prejudiced because they "are entitled to judgment in their favor as well as recovery of substantial fees and costs." (Opp'n 3.) At the hearing, defendants' counsel said that defendants did not oppose plaintiffs' motion in theory, but wanted the chance to recoup their litigation expenses. They therefore urge the court to deny plaintiffs' motion because otherwise, defendants would have to bear the costs of a "frivolous action." (Opp'n 3.) However, Rule 41(a)(2) by its very nature anticipates that a defendant will have spent money on earlier pleadings. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982). Consequently, "significant expense" alone does not equal plain legal prejudice. *See id.* Defendants must show something more.

Defendants argue that the "something more" is plaintiffs' "bad faith" in waiting to bring the motion until after their motion for summary judgment, and they cite to several cases in support. However, the cases to which they cite all involve motions for voluntary dismissal *without* prejudice or dismissals that did not occur through operation of Rule 41(a)(2). Although court-ordered voluntary dismissals are usually without prejudice, *Smith*, 263 F.3d at 976, here, plaintiffs have specifically requested a dismissal *with* prejudice. This difference is not mere semantics. A dismissal with prejudice means that plaintiffs' claims in this suit have been resolved. *Cf. Semtek*

4

*Int'l Inc. v. Lockheed Marting Corp.*, 531 U.S. 497, 505 (2001) (finding that " 'an adjudication upon the merits' is the opposite of a 'dismissal without prejudice' ").

It also does not appear that plaintiffs' filed the motion only to avoid an adverse decision at summary judgment.[4] Indeed, plaintiffs acknowledge that defendants did not employ them, which is the basis for defendants' motion, and did not oppose the summary judgment part of defendants' motion. Nor is this case's procedural history similar to cases to which defendants cite where the courts did find suspicious timing. *See Williams v. Ford Motor Credit Co.*, 627 F.2d 158 (8th Cir. 1980) (motion to voluntarily dismiss without prejudice brought during the briefing period for a motion for judgment notwithstanding the verdict); *Manuel v. Holdings*, No. C-1-00883 WHA, 2001 WL 1382050 (N.D. Cal. Nov. 5, 2001) (motion to voluntarily dismiss without prejudice brought after the plaintiff had requested numerous continuances to defendants' motion for summary judgment following lengthy bankruptcy proceedings).

As for defendants' primary concern—sanctions—voluntary dismissal does not rob this court of jurisdiction to hear this collateral issue. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). As a result, defendants have not shown that they will suffer prejudice to a legal interest, claim, or argument such that this court should deny plaintiffs' request for a voluntary dismissal with prejudice. *See Smith*, 263 F.3d at 976 (noting that a dismissal ordered with prejudice "strengthens our conclusion that the dismissal caused no legal prejudice"). Plaintiffs' motion for voluntary dismissal *with* prejudice is GRANTED, and defendants' motion for summary judgment is therefore DENIED AS MOOT.

**C.    Defendants' Request for Sanctions against Plaintiffs' Counsel Adam Wang**

At the end of the day, sanctions against plaintiffs' attorney Adam Wang—in the precise amount of their attorneys' fees through April 2009, asserted to be $26,112.50—is what defendants really want from their motion. Defendants do not provide any statutory authority that would allow them to recover attorneys' fees.[5] Instead, they ask this court to exercise its inherent power to

---

[4] The motion to dismiss was probably aimed at undercutting or minimizing the defendants' sanctions request.

[5] Plaintiffs did request attorneys' fees in their second amended complaint, but the statutory authority cited appears to only provide fees to employees who successfully recover unpaid wages—and not to employers. *See* Cal. Lab. Code § 1194; 29 U.S.C. § 216(b).

5

sanction Wang for "knowingly and recklessly" failing to investigate the claim against defendants and for maintaining it in bad faith. (Mot. Summ. J. at 9.)

Under the American Rule, a court will not award attorneys' fees absent statutory authority, bad faith, or willful disobedience of a court order. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)). If a court finds bad faith, it has the inherent power to award attorneys' fees as a sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 49 (1991). Yet, mere recklessness, in the absence of bad faith, will not justify sanctions under the court's inherent power. *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001). Simply put, the bad faith requirement is a high threshold. *Mendez v. County of San Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008). Furthermore, inherent power sanctions are intended to vindicate judicial authority, not provide a remedy to an aggrieved party. *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730 (9th Cir. 1995).

Defendants say that they warned Wang over a "period of months" that there was no evidence that plaintiffs worked for defendants. (*Id.* at 1–2.) They claim that they "consistently" said they had "no record or institutional recollection" of anyone with plaintiffs' names working for them. (*Id.* at 8.) Consequently, they say, Wang's "frivolous, abusive, and unethical conduct" in filing and maintaining the claim is the "actual and proximate cause of defendants' litigation expenses." (*Id.* at 9.) Defendants argue that Wang's actions were reckless and in bad faith, and that "it is necessary, appropriate, and equitable" that Wang "bear the total expense of his frivolous lawsuit." (*Id.*)

As one would expect, Wang argues that he brought and maintained plaintiffs' claims for unpaid wages in good faith. He says that plaintiffs told him that they worked at a restaurant called "Com Tam Thanh" on Story Road in San Jose, California, but also said that the restaurant had two locations. (Opp'n to Mot. Summ. J. at 1–3.) He notes that plaintiffs only had scraps of paper showing the hours they worked because their employer paid them entirely in cash. (*Id.* at 3.) Wang says that he performed a Google search on the Internet for "Com Tam" and identified defendant "Com Tam Dat Thanh Restaurant" on Tully Road in San Jose, California from the search results. (*Id.*) He asserts that he thought this was plaintiffs' employer's second location, and because the California Secretary of State listed the Tully Road address as the service address, he served the

6

complaint to defendants. He avers that he also sent a certified letter to defendant Divad Tran at the Story Road address—and that the letter's return receipt was signed and returned to him, lending support to his belief that it was the employer's second location. (*Id.*)

After that, Wang says, defendants only "perfunctorily" denied the claims and even made settlement demands. (*Id.* at 2, 10.) He claims that defendants did not say outright that plaintiffs did not work for them until the mediation session. (Wang Decl. ¶ 20.) He notes that in his experience, employers often do not keep employee records as required by law, and that plaintiffs had already indicated to him that their employer did not keep such records. (*Id.* at 10.) He argues that defendants' litigation expenses are really the result of "a series of unnecessary motions" and an "over belligerent and legalistic litigation style." (*Id.* at 4.) He points out that defendants' counsel have filed "almost identical multiple motions" in another case. (*Id.* at 5.)

The court is sympathetic that defendants spent money on litigation expenses when it turned out they were not plaintiffs' employer. That said, it is not convinced that Wang brought and maintained this suit in bad faith. It is true that defendants were brought into this case through Wang's haphazard Google search, and had he taken more care in his search term construction, this litigation might have been avoided. Yet, without bad faith, Wang's laziness, negligence, or even recklessness when identifying the defendant cannot warrant sanctions under this court's inherent power. The similarity in restaurant names, the information from plaintiffs that their employer had two locations and did not maintain proper records, and the successful mailing of a certified letter to defendant Tran at the correct employer's address weigh against a finding of bad faith.

Although defendants argue that they consistently said throughout this litigation that they had no record or institutional recollection of plaintiffs, a review of the pleadings and prior motions before this court shows that defendants never directly denied that plaintiffs worked for them. Indeed, defendants' counsel stated at the motion hearing that they did not do so because they could not say for certain that plaintiffs did not work for them. Defendants' first motion to dismiss focused on failures to appropriately plead state law claims and an attempt to learn employment dates for the purpose of determining whether the statutes of limitation had expired. Their second motion to dismiss only claimed that plaintiffs failed to properly allege the applicability of federal labor laws.

Finally, defendants' answer denied plaintiffs' claims using boilerplate language that did not assert as a defense that they had never employed the plaintiffs.

Defendants' request for sanctions essentially comes down to this: they told Wang that they had no record of plaintiffs, so he should have believed them and investigated further, and his failure to believe them (and consequently, to do more research) means that he acted in bad faith. But this court finds it plausible that Wang was disinclined to believe their generalized protests based purely on their assertion that they did not have records of plaintiffs—and that it was not until the mediation session that Wang realized he had the wrong defendants. At that point, he was willing to dismiss the case, but defendants were not unless Wang paid their attorneys' fees. Courts have declined to find bad faith even in situations where the conduct at issue was "totally frivolous," "outrageous," "inexcusable," and "appalling." *Mendez v. County of San Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008) (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). Though defendants argue that Wang's conduct has been all of these things, under the circumstances presented in this case, the court finds that Wang's lamentably sloppy lawyering did not rise to the level of bad faith. Accordingly, defendants' request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

**C 08-04007 Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Demian Austin Hare | ahare@nassiri-jung.com |
| Kassra Powell Nassiri | knassiri@nassiri-jung.com, cjung@nassiri-jung.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**